UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,
a Florida Corporation,

    Plaintiff,

v.                                          Case No.: 8:09-cv-00386-T-EAK-MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio Corporation,

    Defendant.
_____/

## ORDER ON DEFENDANT THE OHIO WILLOW WOOD COMPANY'S MOTION TO DISMISS FOR LACK OF STANDING

THIS cause is before the Court on Defendant, The Ohio Willow Wood Company's ("OWW"), Motion to Dismiss for Lack of Standing (Doc. 24). The Court reviewed the Motion to Dismiss, as well as Plaintiff, Alps South, LLC's ("Alps"), Response (Doc. 32). For reasons set forth below, the Motion to Dismiss is DENIED.

The Patent Act ("Act") provides that a patentee shall have a remedy by a civil action for infringement of its patent. 35 U.S.C. § 281 (2000). The term "patentee" is defined to include not only the individual or entity to whom the patent was issued, but also the assigns and successors in title to the original patentee. 35 U.S.C. § 261 (2000). The Act provides that a patentee may grant and convey an exclusive right under his application for patent, or patents, to the whole or any specified part of the United States. *Id*.

When a patentee transfers all substantial rights under a patent, the transferee may effectively be deemed the patentee under the statute with standing to bring an infringement action in its own name. *Restorative Products, Inc. v. MMAR Med. Group, Inc*., 1996 WL 221786, *3 (M.D. Fla. Apr. 29, 1996); *Applied Interact, LLC v. Vermont Teddy Bear Company, Inc*., 2005 WL 1785115, *3 (S.D.N.Y. July 28, 2005). The substantial rights to a patent include the right to exclude others from making, using, or selling the invention in the United States, the right to transfer, and the right to sue for infringement. *Id*. A licensee who has not been assigned all substantial rights must join the patentee as a co-plaintiff to have standing. *Id*.

Alps and Applied Elastomerics, Inc. ("AEI") entered into a Patent Sale and License Agreement ("Agreement") on August 31, 2008, under which Alps is named the exclusive licensee of U.S. Patent No. 7,344,568 ("'568 Patent"), at issue in this case. The Agreement grants Alps all substantial rights, including the right to exclude others from making, using, or selling the invention, the right to transfer, and the right to sue for infringement. AEI retained some rights; however, those rights are not significant enough to require Alps to join AEI as a co-plaintiff. Therefore, Alps possesses the substantial rights in the '568 Patent to satisfy standing requirements and proceed without AEI in this case. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss for Lack of Standing (Doc. 24) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on the 16th day of June, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record