# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALPS SOUTH, LLC,
a Florida Corporation,

      Plaintiff,

v.                                Case No.: 8:09-cv-00386-T-EAK-MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio Corporation,

      Defendant.

_____/


## ORDER ON DEFENDANT THE OHIO WILLOW WOOD COMPANY'S

## MOTION TO STAY


      THIS cause is before the Court on Defendant, The Ohio Willow Wood Company's ("OWW"), Motion to Stay this litigation in light of OWW's Request for Reexamination of U.S. Patent No. 7,344,568 ("'568 Patent") with the United States Patent and Trademark Office ("PTO"). (Doc. 33). The Court reviewed the Motion to Stay, as well as Plaintiff, Alps South, LLC's ("Alps"), Response (Doc. 38). For the reasons set forth below, the Defendant's Motion to Stay is DENIED.

      OWW claims in its motion that a stay is warranted because the reexamination of the '568 Patent likely will result in either invalidation, or amendment of, the claims of the '568 Patent, either of which OWW asserts will significantly impact the case. The United States Patent and

Trademark Office ("PTO") granted OWW's request for *ex parte* reexamination, and, in its initial non-final office action, rejected the patent claims that were reexamined, Claims 1, 2, 4, and 9–11. (Doc. 49).

A district court is not required to stay judicial resolution merely because reexamination proceedings have been instituted; rather, the decision is a matter for the district court's discretion. *Regalo Int'l., LLC v. Dex Products, Inc.*, 2009 WL 2951107, *1 (D. Minn. Sept. 9, 2009). There is no per se rule that patent cases should be stayed pending reexamination because such a rule would invite parties to unilaterally delay and derail litigation. *Id*. "A court is under no obligation to delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their relevancy to infringement claims which the court must analyze." *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 WL 3078463, *2 (N.D. Cal. Sept. 28, 2009), citing *NTP, Inc. v. Research in Motion, Ltd*., 397 F. Supp. 2d 785, 787 (E.D. Va. 2005).

In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Freedom Scientific, Inc. v. GW Micro, Inc*., 2009 WL 2423095, *1 (M.D. Fla. July 29, 2009). The Court has weighed all three factors. While the Court understands that the PTO is considering this matter and has issued an initial, non-final office action on OWW's reexamination request, the Court has balanced all factors and finds that they weigh in favor of denying OWW's motion to stay.

Under the first factor, a stay would unduly prejudice and disadvantage Alps by further delaying proceedings. OWW did not file a reexamination request until nearly nine months after

the case was filed, although it had all necessary information at the commencement of the case. Also, it is likely that the reexamination process will take more than two years, which would further prejudice Alps. Additionally, courts have held that "where the parties are direct competitors, a stay would likely prejudice the non-movant." *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 851 (S.D. Tex. 2009). The case has been filed, discovery is set to close on July 23, 2010, trial is set for on or after December 15, 2010, and Alps has the right to move forward on the case.

Second, it is unlikely that a stay will simplify the issues and streamline the trial. "To truly simplify the issues . . . the outcome of the reexamination must finally resolve all issues in the litigation." *Yodlee, Inc. v. Ablaise Ltd.*, 2009 WL 112857, *5 (N.D. Cal. Jan. 16, 2009). In this case, it is likely that some or all of the claims will have to be litigated notwithstanding reexamination.

Third, a stay is unlikely to reduce the burden of litigation on the parties, but would merely delay it. A significant amount of discovery and other action has already taken place in this case, and as mentioned above, discovery is ongoing, and a trial date will be set.

Taking all three factors into account, the Court finds that a stay (1) would unduly prejudice Alps, (2) would not simplify the issues and streamline the trial, and (3) would not reduce the burden of litigation on the parties. Accordingly, it is

**ORDERED** that the Motion to Stay (Doc. 33) is **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 16th of June, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record