UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,

    Plaintiff,

v.    Case No. 8:09-cv-386-T-17MAP

THE OHIO WILLOW WOOD
COMPANY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Report and Recommendation issued by Magistrate Judge Mark A. Pizzo on September 23, 2010 (Doc. 83). The Magistrate Judge recommended that the Court construe the term *"composite article"* as used in United States Patent No. 7,344,568 (the "'568 Patent") to encompass "the combination of two or more distinct materials to form a new material with enhanced properties." (Doc. 83).

## BACKGROUND

Plaintiff, Alps South Corp. ("Alps"), filed its complaint for patent infringement on March 3, 2009, seeking damages and injunctive relief from Defendant, The Ohio Willow Wood Company ("OWW"), for alleged infringement of Alp's '568 Patent. This Court, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 6.02 of the Local Rules of the United States District Court for the Middle District of Florida, referred the proceedings regarding claim construction (the *Markman* hearing) to the Honorable Mark A. Pizzo, United States Magistrate Judge, by order dated July 8, 2010 (Doc. 53). *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1995). Alps (Doc. 34) and OWW (Doc. 36) filed briefs in support of their respective claims constructions, and Magistrate Judge Pizzo held a *Markman* hearing on September 3, 2010 (Doc. 81).

1

At the *Markman* proceeding, Alps asserted that "composite article" should be defined as "a gel liner comprised of one or more gelatinous elastomer compositions, G, physically interlocked with one or more substrate materials, M, including permutations of said same or different G with said same or different M." (Doc. 34). OWW, on the other hand, urged that the term means "[a]n article formed from one or more gelatinous elastomer compositions in contact with one or more substrate materials." (Doc. 36). Thus, the pertinent difference between the parties' construction of "composite article" focused on whether the term "composite" required the gelatinous elastomer compositions to be "physically interlocked" with a substrate, or whether it was sufficient that they be merely "in contact with" the substrate. Magistrate Judge Pizzo accepted neither party's proposed construction, and instead found in his Report and Recommendation (R&R) that the term "composite article" encompasses "the combination of two or more distinct materials to form a new material with enhanced properties." (Doc. 83).

Pursuant to Rule 6.02 of the Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to Magistrate Judge Pizzo's R&R, or be barred from attacking the factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc); *United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing *Nettles*' continuing validity). *Resolution Trust Corp. v. Hallmark Builders*, 996 F.2d 1144, 1148 (11th Cir. 1993). Alps filed timely objections to the R&R (Doc. 86) and OWW filed a response in opposition thereto (Doc. 87).

## STANDARD OF REVIEW

Following a timely, specific objection to a magistrate judge's finding of fact and recommendation, the district court must review the magistrate judge's factual and legal findings de novo. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512–13 (11th Cir. 1990). "In making its determination, the district court is generally free to employ the magistrate judge's findings to the extent that it sees fit—the court may adopt the magistrate judge's findings in whole, in part, or not at all." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007). Therefore, this Court will conduct its review de novo and independently determine whether to adopt the R&R "in whole, in part, or not at all." *Id.*

## DISCUSSION

The Court has independently reviewed the pleadings, including Transcript of the Markman hearing (Doc. 81), Alps' objections to the R&R (Doc. 86) and OWW's response thereto (Doc. 87). Alps' written objections essentially restate its arguments from the *Markman* hearing—that is, Alps objects to the Magistrate's Report because it "does not take into account the context and surrounding words of the claim" and fails to adopt the "physically interlocked" language Alps had urged. (Doc. 86).

Claims must be construed according to the ordinary meaning of their words, and absent a special definition contained in either the claim specification or the patent applicant's prosecution history, the terms of a claim are construed according to their "ordinary and accustomed meaning." *Renishaw PLC v. Marposs Societa per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998); *see York Prods. v. Cent. Tractor Farm & Family Ctr.* 99 F.3d 1568, 1572 (Fed. Cir. 1996). "'In some cases, the ordinary meaning of claim language . . . may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words.'" *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) (omission in original) (quoting *Philips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005)). That said, "the meaning of a claim term as understood by persons of skill in the art is often not immediately apparent, and . . . patentees frequently use terms idiosyncratically," in which case the inventor's unique lexicography governs. *Philips*, 415 F.3d at 1314.

In addition to the words of the claim, "the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art" are often useful in divining proper claim construction. *Innova/Pure Water, Inc. v. Safari Water Filtration Sys.*, 381 F.3d 1111, 1116 (Fed Cir. 2004). Finally, "judges are free to consult dictionaries and technical treatises 'at any time in order to better understand the underlying technology[,] and may also rely on dictionary definitions when construing claim terms, so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents.'" *Philips*, 415 F.3d at 1322 (quoting *Vitronics Corp. v. Conceptronic, Inc.* 90 F.3d 1576, 1584 n.6 (Fed. Cir. 1996)).

Applying the above principles to the case at bar, it is clear that the ordinary meaning of the term "composite article" is, as the Magistrate Judge found, readily identifiable. Alps suggests that the term "composite" is best defined as a gelatinous elastomer composition that is "physically interlocked" with a substrate. (Doc. 86). To be plain, however, the ordinary meaning of "composite article" as used in the '568 claim and as understood in the state of the art *does not* require that two separate entities be "physically interlocked," and Alps' tenuous reliance on the "context and surrounding words of the claims" is unavailing (Doc. 86). Just as the "in contact with" construction of "composite article" urged by OWW is too broad, the "physically interlocked" language asserted by Alps reads too narrowly. Interpreting the words of the claim as a whole, Alps' "physically interlocked" terminology is more akin to a restrictive term that can be used to describe some (or even many) of the "composite articles" envisioned by the patentee than it is a complete rendition of the "ordinary meaning" of the term itself. This simple nuance is subtle, yet dispositive, and reveals the stilted nature of Alps' proposed construction.

It is true that the R&R adopts the definition of "composite" taken from the text *Introduction to Composite Materials Design* by Ever J. Barbero (1999). Both parties and all three experts who testified at the *Markman* hearing agree as to the authoritative nature of this extrinsic evidence (Doc. 81). The textbook definition, however, was not used by the Magistrate Judge to "vary or contradict the claim language," *Vitronics*, 90 F.3d at 1584, but instead because it happens to articulate the ordinary meaning of the term "composite" or "composite article." It would be an absurd result if judges were required to adopt a claim construction different from that found in an extrinsic source simply to avoid overlap between the ordinary meaning of a term and that given by the external source. Indeed, the very reason such sources exist is because they often provide the widely accepted meaning of a commonly understood phrase.

The patentee in the extant case did not develop his own lexicography within the context of the claim, as Alps suggests. Therefore, the Magistrate Judge was correct in holding that "this is a case where the ordinary meaning of the claim language as understood by a person of skill in the art is readily determinable and claim construction involves no more than applying the widely accepted meaning of a commonly

understood phrase." (Doc. 83, at 13 (citing *Acumed LLC v. Stryker Corp.*, 483 F.3d 800, 805 (Fed. Cir. 2007). That this "widely accepted" and ordinary meaning is the same as that provided by an authoritative text is of no moment because, viewed under any lens, the construction provided by the Magistrate Judge is the correct one.

Therefore, the Magistrate Judge did not err in according "composite article" its ordinary meaning, and the Court need not attempt to replicate the thoughtful, well-reasoned analysis found in the Report & Recommendation. It is enough to say that, after an independent consideration of the entire record, the Court fully concurs with the Magistrate Judge's finding that the term "composite article" as used in the claims of the '568 patent encompasses "the combination of two or more distinct materials to form a new material with enhanced properties." Accordingly, it is

**ORDERED** that Plaintiff Alps South LLC's Written Objections to the Report and Recommendation (Doc. 86) are **OVERRULED**; moreover, the Report & Recommendation of September 23, 2010 (Doc. 83), is **ADOPTED** and incorporated herein by reference. Finally, the Magistrate Judge's recommended definition, as set forth above, is **ADOPTED**. Also, the motion for miscellaneous relief, specifically *Markman Motion and Brief in Support of its Proposed Claims Construction* is found to be moot as the Markman hearing has been concluded.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 28th of January, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record