UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,
a Florida Corporation,

    Plaintiff,

v.                                          Case No. 8:09-cv-00386-EAK-MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio Corporation,

    Defendant.
_____/

### ORDER ON PLAINTIFF'S MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIM AND TO STRIKE INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE

THIS cause is before the Court on Plaintiff, Alps South, LLC's ("Alps"), Motion to Dismiss Defendant's Inequitable Conduct Counterclaim and to Strike Defendant's Inequitable Conduct Affirmative Defense. (Doc. 134). The Court reviewed the Motion to Dismiss and Strike, as well as Defendant, The Ohio Willow Wood Company's ("OWW"), Response in Opposition thereto. (Doc. 138). For the reasons set forth below, the Motion to Dismiss and Strike is GRANTED.

### Background

Alps filed its original Complaint for patent infringement on March 3, 2009, seeking damages and injunctive relief from OWW for alleged infringement of United States Patent No. 7,344,568 ('568 patent). Both Alps and OWW are engaged in the business of manufacturing and selling prosthetic liners for use by customers who have prosthetic limbs. In April 2003, Mr. John

Chen filed a patent application with the United States Patent and Trademark Office ("PTO") to protect his invention entitled "tear resistant gels, composites, and liner articles," under which ownership rights were assigned to Applied Elastomerics, Inc. ("AEI"). In March 2008, the '568 patent was issued to AEI. (Exb. 1). AEI allegedly granted an exclusive license to Alps under the '568 patent in August 2008 pursuant to a Patent Sale and License Agreement.

At OWW's request, this Court stayed the action on March 15, 2011, while the '568 patent underwent reexamination before the PTO. In August 2011, the PTO issued an Ex Parte Reexamination Certificate for the '568 patent (Exb. 2), and Alps' motion to lift the stay was granted. (Doc. 122). With leave of court, Alps filed a Supplement to Second Amended Complaint ("supplement") seeking damages and injunctive relief from OWW for alleged infringement of certain claims set forth in the '568 reexamination certificate.

OWW responded to Alps' supplement by filing an Amended Answer asserting a counterclaim and an affirmative defense that the '568 patent is unenforceable because Mr. Chen allegedly engaged in inequitable conduct during the reexamination of the '568 patent before the PTO. (Doc. 131). OWW contends that Mr. Chen engaged in inequitable conduct by making materially inconsistent statements to the PTO. OWW alleges that during the original prosecution of the '568 patent, Mr. Chen overcame a double patenting objection by arguing that the claims of the '568 patent were distinct from claims of United States Patent No. 6,117,176 ('176 patent) based upon differences in the styrene block copolymers. OWW specifically contends that, during original prosecution, Mr. Chen argued that the claims of the '568 patent were distinct from the claims of the '176 patent because the '568 patent claims do not recite block copolymers having a substantially crystalline polyethylene midblock segment, while the claims of the '176 patent do require substantially crystalline polyethylene midblock segments. OWW alleges that Mr. Chen

made materially inconsistent statements during reexamination by arguing that the '176 patent supports claims in the '568 patent because "both patents disclose SEEPS gel-fabric composites for medical cushioning use of the lower extremities" without disclosing that the '176 patent only discusses SEEPS with a substantially crystalline polyethylene midblock segment. (Doc. 131 ¶¶ 23–28). Based on these alleged inconsistencies, OWW claims that Mr. Chen engaged in inequitable conduct before the PTO during the reexamination of the '568 patent.

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Alps moves to dismiss the inequitable conduct counterclaim and to strike the inequitable conduct affirmative defense asserted by OWW in its Amended Answer because OWW failed to state a claim upon which relief can be granted and pled an insufficient defense.

### Standard of Review

A counterclaim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted if the counterclaim does not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*

Federal Rule of Civil Procedure 12(f) allows a district court, acting either on its own or on motion by a party, to "strike from a pleading an insufficient defense." While motions to strike are generally disfavored, an affirmative defense will be stricken if it is insufficient as a matter of law. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla.

2005) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp 992, 1000 (M.D. Fla. 1976) ("a defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law")).

The Federal Circuit has held that Federal Rule of Civil Procedure 9(b) sets the pleading requirements for an inequitable conduct defense or counterclaim. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009) (holding that "inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)"). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Further, "[a] pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Exergen*, 575 F.3d at 1326–1327.

### Discussion

To meet the pleading requirements under Rule 9(b) for inequitable conduct claims, a party must describe "the specific who, what, when, where, and how" underlying the alleged material misrepresentation or omission committed before the PTO. *Id.* at 1328. In pleading inequitable conduct, a party must also plead the relevant conditions of mind, which must include "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328–1329. "Although 'knowledge' and 'intent' may be averred generally," the pleadings must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* at 1327.

In a recent decision, the Federal Circuit expressed its concern regarding the overuse of the inequitable conduct doctrine, noting that inequitable conduct claims have become a plague to the courts and the entire patent system. *Therasense v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011). In response, the court markedly tightened "the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public." *Id.* at 1290. To prevail on a claim of inequitable conduct, the accused infringer must prove that the "applicant misrepresented or omitted material information with the specific intent to deceive the PTO" by clear and convincing evidence. *Id.* at 1287. Both elements of intent and materiality must be proven separately and must be analyzed independently. *Id.* at 1290. Therefore, a strong showing of materiality cannot help to establish intent, and a strong showing of intent cannot help to establish materiality. *Id.*

To prevail on a claim of inequitable conduct, it must be proven by clear and convincing evidence that the patentee acted with the specific intent to deceive the PTO. Under the heightened standard set forth in *Therasense*, "a finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard" is insufficient to establish an intent to deceive. *Id.* To meet the clear and convincing evidence standard, the specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Id.* "Hence, when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id.* at 1290–1291.

In *Therasense,* the Federal Circuit also heightened the materiality requirement for inequitable conduct by requiring "but-for materiality." "When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Id.* at 1291. The only exception to this requirement of

but-for materiality is in cases of "affirmative egregious misconduct" where the applicant has "deliberately planned and carefully executed scheme[s] to defraud the PTO and the courts." *Id.* at 1292. Under this new standard, the pleadings must contain sufficient factual allegations from which it can be reasonably inferred that the omissions or misrepresentations made by the patentee were but-for material to the PTO. *See Id.; See also Abaxis, Inc. v. Cepheid*, 2011 WL 3741501 at *5 (N.D. Cal. Aug. 25, 2011) (interpreting *Therasense* to require pleadings of inequitable conduct to include sufficient factual allegations "to support the reasonable inference" that the specific information was "but-for material to the patents-in-suit").

Assuming, without deciding, that OWW has pled sufficient factual allegations from which it can be plausibly inferred that Mr. Chen's omissions or misrepresentations before the PTO were but-for material, the pleadings are still insufficient to give rise to a reasonable claim of inequitable conduct. Significantly, OWW has failed to plead sufficient factual allegations that would allow a court to reasonably infer that Mr. Chen had the specific intent to deceive the PTO. OWW's allegations of inequitable conduct rest upon a purported material misrepresentation and a material omission in the reexamination of the '568 patent. (Doc. 131 ¶ 30). In its Amended Answer, OWW alleges that the "only plausible explanation for Chen's material omission of his prior inconsistent statements relating to the '176 patent are that he wanted to deceive the patent office so that they would issue a reexamination certificate for the '568 patent." (¶ 38). This allegation of specific intent is based on OWW's assertion that but-for Mr. Chen's misrepresentation or omission, the PTO would not have issued a reexamination certificate for the '568 patent. (¶ ¶ 34–36). Therefore, by basing Mr. Chen's motive of specific intent to deceive the PTO on the "but-for materiality" of the information misrepresented or omitted, these allegations are insufficient under the *Therasense* standards because a district court may not infer

intent solely from materiality. *See* 649 F.3d at 1290; *See also Abaxis* 2011 WL 3741501 at *6 (holding that defendant's inequitable conduct counterclaim and affirmative defense failed to adequately plead specific intent because the allegations of specific intent were based on the materiality of the non-disclosed information).

Further, there is no allegation that Mr. Chen had knowledge that any purported misrepresentations or omissions were but-for material. To prove specific intent under the standards set forth in *Therasense*, the accused infringer "must prove by clear and convincing evidence that the applicant knew of the reference, knew it was material, and made a deliberate decision to withhold it." 649 F.3d at 1290. Here, OWW merely alleges that the information omitted or misrepresented by Mr. Chen would have been but-for material to the PTO in the reexamination, but does not allege any factual allegations claiming that Mr. Chen had knowledge that these omissions or misstatements were material. (Doc. 131 ¶¶ 31–38). Specifically, OWW alleges that Mr. Chen made "inconsistent statements during reexamination" compared to prior statements that he made in the original prosecution, and OWW argues that these statements would have been but-for material to the PTO. (¶ 28). OWW contends that these omissions or misrepresentations were but-for material by claiming that "had Chen told the patent office the claims of the '176 patent do not disclose SEEPs without a substantially crystalline polyethylene midblock segment, he could not have supported his argument that any of the claims are entitled to a priority date earlier than April 21, 2003" (¶ 34) and, as a result, "the claims of the '568 patent would not have been allowed in reexamination." (¶ 35). These assertions made by OWW simply argue that the information allegedly omitted or misrepresented by Mr. Chen would have been material to the PTO, but OWW does not assert that Mr. Chen had any knowledge of the materiality of that information. Because OWW failed to plead that Mr. Chen had knowledge of

the materiality of the information, the allegations set forth by OWW are insufficiently pled under the new standards for inequitable conduct set forth in *Therasense. See* 649 F.3d at 1290. Accordingly, it is

**ORDERED** that Alps' Motion to Dismiss Defendant's Inequitable Conduct Counterclaim and to Strike Defendant's Inequitable Conduct Affirmative Defense (Doc. 134) be **GRANTED**. Therefore, OWW's Inequitable Conduct Counterclaim is **DISMISSED** and OWW's Affirmative Defense is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 31st day of January, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.