UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALPS SOUTH, LLC,
a Florida limited liability company,

    Plaintiff,

v.                                                  CASE NO. 8:09-CV-386-EAK-MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio corporation

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S RENEWED
## MOTION TO DISMISS FOR LACK OF STANDING

This matter comes before the Court pursuant to Defendant's, THE OHIO WILLOW WOOD COMPANY, an Ohio corporation ("OWW"), Renewed Motion to Dismiss for Lack of Standing (the "Motion"), (Doc. # 211), filed September 30, 2013, and Plaintiff's, ALPS SOUTH, LLC, a Florida limited liability company ("Alps"), Response (Doc. # 220), filed October 17, 2013. For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND & PROCEDURAL POSTURE

Alps filed its complaint for patent infringement on March 3, 2009, seeking damages and injunctive relief from OWW for alleged infringement of Alps' '568 patent. (Doc. # 1). On October 28, 2009, OWW filed its Motion to Dismiss for Lack of Standing, (Doc. # 24), to which Alps responded on November 12, 2009, (Doc. # 32), and the Court ultimately denied on June 16, 2010. (Doc. # 51). In finding Alps had standing, the Court determined Alps and Applied Elastomerics, Inc. ("AEI"), entered into a Patent Sale and License Agreement (the "Agreement") on August 31, 2008, under which Alps was named the

exclusive licensee of U.S. Patent No. 7,344,568 (the "'568 Patent"), which is at issue in this case. Id. The Agreement granted Alps all substantial rights, including the right to exclude others from making, using, or selling the invention; the right to transfer; and the right to sue for infringement. Id. While AEI retained some rights, those rights were not significant enough to require Alps to join AEI as a co-plaintiff. Id. As a result, this Court concluded Alps possessed substantial rights in the '568 Patent which were sufficient to satisfy standing requirements and proceed without AEI in the present case. Id.

OWW now challenges whether AEI previously acquired any interest in the '568 Patent to transfer at the time of the Agreement. (Doc. # 211). In its Motion, OWW asserts AEI did not "own" the '568 Patent until on or about September 27, 2011—over three years after the Agreement—and therefore could not have legally licensed any rights to Alps with the "empty" Agreement, and AEI failed to grant any subsequent license to Alps. Id. Based on the lack of assignable interest, "empty" Agreement, and failure to assign any license since, OWW concludes Alps lacks standing to proceed. Id. Alps opposes the Motion, and contends the inventor of the '568 Patent—Mr. John Chen—assigned the '568 Patent to AEI when he assigned the parent application for U.S. Patent No. 5,633,286 (the "'286 Patent") to AEI, or, alternatively, a license existed between Mr. Chen and AEI—prior to the Agreement—sufficient to confer constitutional standing, and any deficiency in prudential standing has been cured. (Doc. # 220).

## ANALYSIS

The determination of whether a party has standing to commence a suit is a question of law. Prima Tek II, LLC v. A-Roo Co., 222 F.3d 1372, 1376 (Fed. Cir. 2000). To have standing, a prospective litigant must satisfy the following three elements: 1) "the

2

plaintiff must have suffered an injury in fact;" 2) "there must be a causal connection between the injury and the conduct complained of;" and 3) "it must be likely...that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561 (1992) (citations and internal marks omitted). In suits for patent infringement, "the party holding the exclusionary rights to the patent suffers legal injury in fact under the statute." Morrow v. Microsoft Corp., 499 F.3d 1332, 1339 (Fed. Cir. 2007). The plaintiff has the burden of establishing standing. Spine Solutions, Inc., v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1317 (Fed. Cir. 2010).

When a patentee transfers all substantial rights under a patent, the transferee may effectively be deemed the patentee under the statute with standing to bring an infringement action in its own name. Restorative Products, Inc. v. MMAR Medical Group, Inc., 1996 WL 221786, *3 (M.D. Fla. Apr. 29, 1996); Applied Interact, LLC v. Vermont Teddy Bear Company, Inc., 2005 WL 1785115, *3 (S.D.N.Y. July 28, 2005) (citing Intel. Property Development, Inc. v. TCI Cablevision of California, Inc., 248 F.3d 1333, 1333 (Fed. Cir. 2001); Speedplay, Inc. v. Bebop, Inc., 211 F.3d 1245, 1245 (Fed. Cir. 2000); and Prima Tek II, 222 F.3d at 1372). The substantial rights to a patent include the right to exclude others from making, using, or selling the invention in the United States; the right to transfer; and the right to sue for infringement. Id. A licensee who has not been assigned all substantial rights, however, must join the patentee as a co-plaintiff to satisfy standing. Id. A party granted all substantial rights to a patent, regardless of how the transaction was characterized, is considered to have legal title and standing. Speedplay, 211 F.3d at 1249–1250. "The right to sue for infringement is the principal entitlement examined in

an evaluation of whether a license agreement transfers 'all substantial rights.'" Vaupel Textilmaschinen KG v. Meccanica Euro Italia, S.P.A., 944 F.2d 870, 875 (Fed. Cir. 1991).

To determine ownership of a patent, federal courts typically apply state law. Akazawa v. Link New Technology Intern., Inc., 520 F.3d 1354, 1357 (Fed. Cir. 2008) (citing Jim Arnold Corp. v. Hydrotech Systems, Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997)). However, "the question of whether a patent assignment clause creates an automatic assignment or merely an obligation to assign is intimately bound up with the question of standing in patent cases," and is therefore treated "as a matter of federal law." DDB Techs., LLC v. MLB Advanced Media, LP, 517 F.3d 1284, 1290 (Fed. Cir. 2008). "Usually, federal law is used to determine the validity and terms of an assignment, but state law controls any transfer of patent ownership by operation of law not deemed an assignment." Sky Technologies, 576 F.3d 1379. While federal law requires assignments of patent interests to be in writing, 35 U.S.C. § 261, and "there is nothing that limits assignment as the only means for transferring patent ownership…by operation of law," Akazawa, 520 F.3d at 1356, to confer standing, the transfer must "resemble an assignment in both form and substance." Enzo APA & Son, Inc. v. Geapag A.G., 134 F.3d 1090, 1093 (Fed. Cir. 1998).

Here, Plaintiff implores the Court to find constitutional standing based on an implied exclusive license Mr. Chen conferred orally some time before the inception of the subject suit, as evidenced in the later assignment Mr. Chen executed "confirm[ing] in writing that he has previously transferred to [AEI] all right, title, and interest in the ['568] Patent Rights." (Doc. # 220, p. 12). Plaintiff suggests the relationship between Mr. Chen

4

and AEI—that of a closely-held, two-employee business to which Mr. Chen conveyed all previous patent rights—bolsters this conclusion. Id.

The United States Court of Appeals for the Federal Circuit expressed reservations that such an implied exclusive license, without an accompanying written assignment, would encourage patentees, assignees, and licensees to engage in a "revisionist history, circumventing the certainty provided by the writing requirement of [35 U.S.C. §] 261" by claiming verbal licensure without cognizable evidence for same. Enzo, 134 F.3d at 1093. However, given the totality of the circumstances and evidence presented, this Court is satisfied that the evidence overwhelmingly supports the contention that Mr. Chen granted an implied exclusive license so as to confer standing, and did not engage in any form of revisionist history: 1) Mr. Chen listed AEI as the assignee on the '568 Patent; 2) Mr. Chen assigned related applications to AEI; 3) Mr. Chen expressly created AEI for the purpose of owning, licensing, and prosecuting patents on his behalf; 4) Mr. Chen is the sole creator of patents for AEI; 5) Mr. Chen eventually assigned the '568 Patent to AEI; and 6) No evidence suggests Mr. Chen intended to personally maintain or assign the patent to a third entity. Based on the foregoing, this Court finds Mr. Chen vested AEI with the substantial rights, including the right to exclude others from making, using, or selling the invention in the United States; the right to transfer; and—of utmost importance—the right to sue for infringement. The September 27, 2011, Assignment cured any prudential standing issue Plaintiff might have otherwise faced. Accordingly, it is

CASE NO. 8:09-CV-386-EAK-MAP

**ORDERED** and **ADJUDGED** that Defendant's Renewed Motion to Dismiss for Lack of Standing is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this  14th  day of May, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record