**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| Alps South, LLC, | : |
| a Florida limited liability company, | : |
| | : |
|      Plaintiff, | : |
| | : |
| v. | :     Case No. 8:09-cv-00386-EAK-MAP |
| | : |
| The Ohio Willow Wood Company, | : |
| an Ohio corporation, | : |
| | : |
|      Defendant. | : |

**DEFENDANT THE OHIO WILLOW WOOD COMPANY'S MOTION TO STAY**
**PENDING CONCLUSION OF APPEAL IN RELATED CASE**

The Ohio Willow Wood Company ("OWW") respectfully asks this Court to stay this case pending a decision by the Court of Appeals for the Federal Circuit in the appeal (the "'109 Patent Appeal") from a related case before Judge Scriven, *Alps South, LLC v. The Ohio Willow Wood Company*, Case No. 08-CV-1893 (M.D. Fla.) (the "'109 Patent Litigation").   OWW recognizes that when the Court lifted a stay in this case on September 20, 2013, it did so after briefing from both parties.   That briefing related to the status of certain post-trial motions in the '109 Patent Litigation.   Subsequent to the stay being lifted in the instant case, both OWW and Alps South, LLC ("Alps") appealed certain judgments in the '109 Patent Litigation.   What has not been fully briefed is that, based on the preclusive rulings and damages awarded in the '109 Patent Litigation, Alps cannot obtain any relief by way of damages in this case. Also, since the '568 Patent involved in this case has now expired, Alps cannot obtain injunctive relief either. Only the outcome of the '109 Patent Appeal could change the potential relief for Alps in this case.   Therefore, this case should be stayed pending the outcome of the '109 Patent Appeal.

This case is currently set for a seven-day jury trial commencing on September 15, 2014. Crucially, this case and the '109 Patent Litigation and Appeal involve the same parties, the same accused products, related patents-in-suit, and many closely related jurisdictional and damages issues. The '109 Patent Appeal will be fully briefed before conclusion of the trial in this case, and holding the trial after the Federal Circuit's decision may avoid unnecessarily expending this Court's and the parties' time and resources.

A stay would not prejudice Alps in any way—for example, by denying it potential injunctive relief. The '568 Patent has already expired, which means Alps is no longer entitled to an injunction. Because the '568 Patent has a terminal disclaimer over U.S. Patent No. 7,105,607 (the "'607 Patent"), its term cannot extend beyond the full term of the '607 Patent. Under 35 U.S.C. § 154(a)(2), if the patent "contains a specific reference to an earlier filed application or applications," the term of the patent ends 20 years "from the date on which the *earliest* such application was filed." (Emphasis added.)[1] The earliest application referenced on the face of the '607 Patent was filed on April 19, 1994. (Dkt. 157-1).  Twenty years from the date on which this application was filed is April 19, 2014. However, since the '607 Patent issued with 87 days of Patent Term Adjustment, the '607 Patent (and with it, the '569 Patent) expired on July 15, 2014 (87 days after April 19, 2014). Therefore, an injunction is no longer available, and Alps's only remedy in this case would be damages relating to infringement of the '568 patent. However, Alps has already received damages for OWW's allegedly infringing sales in the '109 Patent Litigation as detailed below.

---

[1] This date (i.e., the date of the earliest filed application referenced on the face of the patent) is the basis for calculating the expiration date of the *patent* under 35 U.S.C. 154(a)(2), but does not determine the scope of the available prior art against any particular claim (i.e., it is not necessarily the effective filing date of any of the *claims*). That is, the effective filing date of any *claim* may be the filing date of one of the earlier filed applications referenced on the face of the patent, but not necessarily the date of the *earliest* filed application. See MPEP 708-2—VI(B).

The issue of whether OWW is entitled to absolute intervening rights in the asserted claims of the '568 Patent is briefed in OWW's pending Motion for Summary Judgment and will have a direct impact on the time period for which Alps may seek damages. (Dkt. 210 at 31–33.) However, as it presently stands, the issue has been decided in OWW's favor based on the ruling in the '109 Patent Litigation.   The dispositive question is whether the asserted claims were "substantively changed" during reexamination. If the claims were "substantively changed," then OWW would be said to possess absolute intervening rights, barring Alps from collecting damages for any allegedly infringing sales that occurred before August 9, 2011 (the date of the reexamination certificate). OWW also raised the defense of absolute intervening rights in the '109 Patent Litigation.  Judge Scriven granted OWW summary judgment of absolute intervening rights; Alps's appeal from that decision is one of the issues currently before the Federal Circuit.

Crucially, the claims of both the '568 and '109 Patents were initially rejected on reexamination.  Both patents were approved only after they were amended during the respective reexaminations of the patents to require "physically interlocked" in the '109 and "physical interlocking" in the '568 of the gel and the substrate material of the claimed composite articles and a demonstration by the inventor of importance of this physically interlocking between the gel and substrate. Judge Scriven found that "[t]he prior rejections coupled with the subsequent amendments and demonstrations of the properties of the subsequent amendments establish that the claims were substantively changed by the amendments."  (Dkt. 272 in 8:08-cv-01893-MSS-MAP, at 16 (citations ommitted).)  As a consequence, Judge Scriven's order on intervening rights in the '109 Patent Litigation controls this case via collateral estoppel.  Only a reversal from the Federal Circuit would allow Alps the opportunity to argue absolute intervening rights

do not apply. (Even if Judge Scriven's decision did not control on this issue, it would still be prudent to receive the Federal Circuit's decision on this issue before trial.)

In addition, the products accused by Alps of infringement here were also accused of infringing the '109 Patent. In that case, Alps was awarded damages for sales of the accused products after July 5, 2011. (Alps was not entitled to damages for sales before that date due to OWW's intervening rights.) However, under settled principles barring double recovery for the same injury, once a patent owner has recovered damages for sales of an infringing product, it cannot then recover additional damages if it turns out that the product infringes another one of its patents. *See Aero Products Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1016 (Fed. Cir. 2006); *Catalina Lighting v. Lamps Plus*, 295 F.3d 1277, 1291–92 (Fed. Cir. 2002). In its current posture, Alps cannot recover damages for infringement of the '568 patent. Only a reversal from the Federal Circuit would give Alps the potential to recover damages for infringement of the '568 patent by the very same products.

Thus, the '109 Patent Litigation has eliminated the need to calculate damages (one of the most complicated and time-consuming aspects of a patent infringement trial) in this case altogether. Based on the '109 Patent Litigation, this Court should (1) award OWW absolute intervening rights in the reexamined claims of the '568 Patent and (2)  preclude Alps from seeking damages for sales for which it has already recovered damages in the '109 Patent Litigation. Consequently, Alps is presently entitled to *no* damages in this case. Damages for sales made before August 9, 2011 are barred by OWW's intervening rights, while damages for sales made after July 5, 2011 are barred under the doctrine against double recovery. Accordingly, there is no period for which Alps would be entitled to damages. This does away with the need for the parties to present arguments and evidence, including extensive expert testimony, relating

to damages (both lost profits and reasonably royalty damages), for the Court to deal with the many legal issues relating to damages, and for the jury to consider damages during its deliberations.  Since damages are not presently available to Alps, and the patent has already expired, there is at the moment no point in conducting a trial. Only a decision from the Federal Circuit on the '109 Patent Appeal has the potential to change that outcome.

Additionally, if the Federal Circuit were to conclude that Alps lacked standing to sue for infringement of the '109 Patent without joining AEI as a party to that suit (a threshold jurisdictional question in the appeal), that holding may have issue-preclusive effect in this case. The jurisdictional issues in this case and those before the Federal Circuit in the '109 Patent Appeal are very closely intertwined. In August 2008, Applied Elastomerics, Inc. ("AEI") granted Alps an exclusive license to the '109 and '568 Patents. In September 2008, Alps sued OWW for infringement of the '109 Patent; in March 2009, it commenced this litigation, alleging that OWW infringed the '568 Patent. AEI was not a party to either suit. In each case, OWW filed a motion to dismiss for lack of jurisdiction, arguing that the August 2008 license agreement left many important rights with AEI and therefore did not enable Alps to sue for infringement without naming AEI as a party to the suit (in other words, that Alps lacked "prudential" standing). (*See* Dkt. 24 at 5–6.) Each motion was denied on the grounds that the license agreement conveyed enough rights to permit Alps to sue alone. (This Court's Order is dkt. 51.)

The Federal Circuit is now set to decide whether the license agreement in fact gave Alps prudential standing to sue for infringement of the '109 Patent. If the Federal Circuit were to order dismissal of the '109 Patent Litigation on the basis that the agreement did not convey enough rights to the '109 Patent to enable Alps to sue alone, the doctrine of issue preclusion may require this case to be dismissed. (While OWW has raised one additional argument with respect

to prudential standing in the '109 Patent Appeal that is not applicable here, there is a real likelihood that the Federal Circuit will resolve the standing issue on the grounds also advanced in this case.)

     Respectfully, this case should be stayed pending conclusion of the '109 Patent Appeal.

                         Respectfully submitted,

                         */s/ Patrick J. Risch*
                         Benjamin H. Hill     (Florida Bar No. 0094585)
                         Patrick J. Risch     (Florida Bar No. 0165603)
                         HILL WARD & HENDERSON P.A.
                         101 East Kennedy Blvd., Suite 3700
                         Tampa, Florida  33601-2231
                         Tele:  813.221.3900
                         FAX:  813.221.2900

                         John D. Luken     (Ohio Bar No. 0013326)
                         Brian S. Sullivan     (Ohio Bar No. 0040219)
                         Joshua A. Lorentz     (Ohio Bar No. 0074136)
                         DINSMORE & SHOHL LLP
                         255 East Fifth Street, Suite 1900
                         Cincinnati, Ohio  45202
                         Tele: 513.977.8564
                         FAX: 513.977.8141
                         John.Luken@Dinsmore.com
                         Joshua.Lorentz@Dinsmore.com
                         Brian.Sullivan@Dinsmore.com

                         *Counsel for Defendant/Counterclaimant*
                         *The Ohio Willow Wood Company*

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant certifies that they contacted counsel for Plaintiff, and that counsel for Plaintiff has indicated that he opposes the relief requested in this Motion.

  /s/ *Patrick J. Risch*
An Attorney for Defendant
The Ohio Willow Wood Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been electronically filed through the Court's CM/ECF system, which will send notification of such filing to registered counsel electronically, on this 1st day of August, 2014.

  /s/ *Patrick J. Risch*
An Attorney for Defendant
The Ohio Willow Wood Company