**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALPS SOUTH, LLC,
a Florida limited liability company,

    Plaintiff,

v.                                                   CASE NO. 8:09-CV-386-EAK-MAP

THE OHIO WILLOW WOOD
COMPANY, an Ohio corporation

    Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant's, THE OHIO WILLOW WOOD COMPANY, an Ohio corporation ("OWW"), Motion to Stay Pending Conclusion of Appeal in Related Case, (Doc. # 236), filed August 1, 2014, and Plaintiff's, ALPS SOUTH, LLC, a Florida limited liability company ("Alps"), Response in Opposition, (Doc. # 237), filed August 15, 2014.  For the reasons that follow, the Court reluctantly grants OWW's Motion to Stay.

**BACKGROUND & PROCEDURAL POSTURE**

    Alps filed its complaint for patent infringement on March 3, 2009, seeking damages and injunctive relief from OWW for alleged infringement of Alps' '568 patent.  (Doc. # 1). During the pendency of this case, OWW has moved this Court to stay the litigation pending the resolution of numerous matters, including reexamination of the patent, (Doc. # 33), resolution of the reexamination of the patent, (Doc. # 92), and resolution of issues of law related to the parent patent tried here in the Middle District before Judge Scriven in Case No. 8:08-cv-01893-MSS-MAP (the "'109 Patent Trial").  (Doc. # 194).  Plaintiff

opposed each stay. (Docs. ## 38, 96, and 197). The Court granted two of the three stays. Id. OWW now moves for a fourth stay of the proceedings pending resolution of the appeals and cross-appeals both OWW and Alps filed in the '109 Patent Trial; OWW also notes the stay would not substantially affect Alps' rights and damages. (Doc. # 236). Alps opposes the stay, arguing the litigation has crawled over the last five years due mainly to OWW's tactics. (Doc. # 237).

## LEGAL STANDARD

The power of a federal trial court to stay its proceedings is well recognized. Hendler v. United States, 952 F.2d 1364, 1380 (Fed. Cir. 1991). That power, however, is not limitless. See Landis v. North Am. Co., 299 U.S. 248, 257 (1936) (an immoderate and indefinite stay must be "framed in its inception that its force will be spent within reasonable limits"); see also Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983) (analyzing whether an indefinite stay constitutes abuse of discretion). Ultimately, the trial court must "weigh competing interests and maintain an even balance" when determining to issue an immoderate or indefinite stay. Landis, 299 U.S. at 255.

## ANALYSIS

While litigation in this case commenced over five (5) years ago, and OWW has attempted to stay these proceedings at multiple stages of litigation, this Court's rulings on Motions for Summary Judgment substantially mirrored those determined in the '109 Patent Trial. For instance, this Court found—based on the analysis from the '109 Patent Trial—that OWW is conditionally entitled to absolute intervening rights; that OWW was not entitled to summary judgment on the issue of willfulness; that Alps is entitled to the meaning of "physically interlocked" from the '109 Patent Trial; and the determination of the priority date for the patent at issue in this case. (Doc. # 234). These are not trivial or

ancillary issues, and are before the Federal Circuit on appeal. (Docs. ## 236, 237). While Alps is correct that the appeals and cross-appeals could take months and possibly a year to resolve, (Doc. # 237), the Court must balance Alps' concerns with the interest of conducting the trial in an efficient manner. The Court finds the resolution of the enumerated issues on appeals and cross-appeals are appropriate and determinative of key issues in this trial. If the Court were to reject OWW's stay, conduct the trial, and rule similarly on the issues as presented in the '109 Patent Trial during the pendency of the appeals and cross-appeals, any appellate decision adversely impacting the '109 Patent Trial rulings could very likely impact this Court's rulings at trial, resulting in further appeals and cross-appeals. Accordingly, it is

**ORDERED** that OWW's Motion to Stay, (Doc. # 236), is **GRANTED**. This action is **STAYED** pending resolution of the appeals and cross-appeals taken in Case Number 8:08-cv-01893-MSS-MAP. The parties are required to file status updates with the Court regarding their respective appeals every three (3) months, the first of which is due on November 26, 2014. The trial, pre-trial conference, and any deadlines are canceled. The parties are further directed to immediately file a notice with this Court upon the appeals' resolution. The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record